UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THE PALMS OF PEMBROKE
CONDOMINIUM ASSOCIATION, INC., a
Florida non-profit corporation,

      Plaintiff,

vs.                                                                  CASE NO.:

GLENCOE INSURANCE, LTD., a foreign
corporation, WESTCHESTER SURPLUS
LINES INSURANCE COMPANY, a foreign
corporation,

      Defendants.

_____

**DEFENDANTS' NOTICE OF REMOVAL**

      COME NOW the Defendant, GLENCOE INSURANCE, LTD, (hereinafter "GLENCOE"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446 of Title 28 of the United States Code, and Rule 81 of the Federal Rules of Civil Procedure, and hereby notice the removal of this action from the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and in support thereof state as follows:

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

      1.    On or about September 6, 2013, Plaintiff filed the instant lawsuit in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. Said lawsuit bears the state court case number CACE-13-020517 (hereinafter the "State Court Action").

      2.    Copies of all known process, substantive pleadings, and orders served in the State Court Action are attached hereto as **Exhibit A**.

1

3. The State Court Action arises out of a policy of insurance (the "Policy") issued by the Defendant GLENCOE to the Plaintiff, THE PALMS OF PEMBROKE CONDOMINIUM ASSOCIATION, INC., A Florida non-profit corporation ("PALMS OF PEMBROKE"). A copy of Policy No. WD-10692-00 is attached to Plaintiff's Complaint as Exhibit A.

4. Written notice of this filing is being promptly given to counsel for Plaintiff and a Notice of Filing this Notice of Removal is being promptly filed with the Clerk of the Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, pursuant to 28 U.S.C. §1446(d). A copy of said Notice of Filing is attached hereto as **Exhibit B**.

5. Defendant, GLENCOE, first received notice of the State Court Action when the Plaintiff's counsel provided the undersigned counsel with a copy of Plaintiff's Complaint on or about September 11, 2013. This Notice is timely filed as it is filed within thirty (30) days of GLENCOE'S receipt of Plaintiff's Complaint. GLENCOE has not previously filed a Notice of Removal of this matter in this Court.

6. The undersigned accepted service on behalf of GLENCOE on October 8, 2013. GLENCOE's response to this Complaint is due on October 28, 2013.

**CONSENT BY ALL DEFENDANTS**

7. Pursuant to 28 U.S.C. 1446(b)(2), all other defendants in this action have consented to the removal of this action.

8. Specifically, WESTCHESTER SURPLUS LINES INSURANCE COMPANY is a named defendant in this action and has not been served at this time. The Affidavit of Garett Raines, Esq., attached to this Notice as **Exhibit C**, serves to document that WESTCHESTER SURPLUS LINES INSURANCE COMPANY consents to the removal of this claim.

## VENUE/JURISDICTION

9. Venue of this removal is proper under 28 U.S.C. § 1441(a) to the Southern District of Florida, Ft. Lauderdale Division because the Circuit Court of Broward County is within the Southern District of Florida, Ft. Lauderdale Division.

10. This cause involves an amount in excess of $75,000.00 exclusive of attorneys' fees, interest, and costs.

11. This action may be removed pursuant to 28 U.S.C. § 1441(a) and this Court has original jurisdiction of this matter under the provisions of 28 U.S.C. §1332 because complete diversity of citizenship exists between the Plaintiffs and the Defendant.

12. Plaintiff pleads in its complaint that "[Plaintiff], THE PALMS, is a Florida non-profit corporation duly authorized to conduct business in the State of Florida. THE PALMS is the condominium association for the condominium buildings located at 351 Palm Circle, Pembroke Pines, Florida 33025, the insured property."

13. At all times material hereto, Defendant, GLENCOE, is a corporation organized under the laws of and is a citizen of the Country of Bermuda, with its principle place of business at Renaissance House, 8-20 East Broadway, Pembroke, HM 19, Bermuda.

14. Plaintiff pleads in its complaint that "[Defendant] WESTCHESTER, is upon information and belief, a foreign corporation duly authorized to conduct business in the State of Florida, and which does, in fact, issue policies of insurance in Broward County, Florida.

15. Based upon the foregoing, complete diversity exists pursuant to Sections 1332 and 1441 of Title 28 of the United States Code.

16. In addition, the amount in controversy exceeds the jurisdictional requirement.

17.     The amount in controversy, despite the dollar value of any damages claimed by Plaintiffs, is "the value of the relief being sought by Plaintiff in its complaint." Viacom, Inc. v. Zebe, 882 F.Supp. 1063, 1065 (S.D. Fla. 1995). "It must appear to a legal certainty that the claim is really for less than the requisite jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); Santiesteban v. Goodyear Tire & Rubber, Co., 306 F.2d 9, 12 (5th Cir. 1962).

18.     The allegations in the Plaintiffs' Complaint establish that the $75,000.00 jurisdictional minimum has been met. Specifically, the Plaintiff alleges that "[t]he damage to the condominium property…is in excess of $5,000,000.00." Plaintiffs' Compl. at ¶18.

19.     This action may be removed pursuant to 28 U.S.C. § 1441(a) and this Court has original jurisdiction of this matter under the provisions of 28 U.S.C. §1332 because complete diversity of citizenship exists between the Plaintiffs and the Defendant.

## CONCLUSION

WHEREFORE, Defendant GLENCOE requests that the State Court Action now pending in the Seventeenth Judicial Circuit in and for Broward County, Florida be removed to the United States District Court for the Southern District of Florida, Fort Lauderdale, and further requests that this Court assume jurisdiction over this action as provided by law.

Dated:  October 9, 2013.

_____
Bruce A. Aebel
Florida Bar No: 0066435
baebel@bankerlopez.com
Christopher W. Hollman
Florida Bar No: 0037074

4

    chollman@bankerlopez.com
    Garett Raines
    Florida Bar No: 0037178
    graines@bankerlopez.com
    BANKER LOPEZ GASSLER P.A.
    501 E. Kennedy Blvd., Suite 1500
    Tampa, FL  33602
    (813) 221-1500
    Fax No: (813) 222-3066
    Attorneys for Defendant Glencoe Insurance Ltd.

## CERTIFICATE OF SERVICE

      I hereby certify that on October 9, 2013, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.  I further certify that I mailed the foregoing document by Email and U.S. Mail to the following:

Mariano R. Gonzalez, Esquire
Law Offices of Gonzalez & Associates, P.A.
3600 Red Road
Suite 603
Miramar, Florida  33025
mg@gonzalezlegal.com
cathy@gonzalezlegal.com
Attorney for Plaintiff


Westchester Surplus Lines Insurance
c/o Kellyn J. W. Muller, Esq. of Cozen O'Connor
One North Clematis Street, Suite 510
West Palm Beach, FL  33401

                                                */s/ Garett Raines*
                                     Bruce A. Aebel
                                     Florida Bar No: 0066435
                                     baebel@bankerlopez.com
                                   Christopher W. Hollman
                                   Florida Bar No: 0037074
                                   chollman@bankerlopez.com
                                   Garett Raines
                                   Florida Bar No: 0037178
                                   graines@bankerlopez.com
                                   BANKER LOPEZ GASSLER P.A.
                                   501 E. Kennedy Blvd., Suite 1500

5

Tampa, FL 33602
(813) 221-1500
Fax No: (813) 222-3066
Attorneys for Defendant Glencoe Insurance Ltd.